PARDEE CONSTRUCTION COMPANY, a Corporation, Plaintiff—Appellant,

v.

ALLIED MUTUAL INSURANCE COMPANY, a Corporation aka Amco Insurance Company; Does, Does 1– Through 50, Defendants,

and

Liberty Mutual Fire Insurance Company, a Corporation; Liberty Mutual Insurance Group, a Business entity of unknown type, Defendants—Appellees.

No. 01–56800.

D.C. No. CV–99–01925–MJL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Dec. 4, 2002.

Before HALL, THOMPSON and WARDLAW, Circuit Judges.

MEMORANDUM *

Pardee Construction Company appeals the district court's summary judgment in favor of Liberty Mutual Insurance Company, contending that Liberty owed a duty to defend Pardee, an additional insured under a commercial general liability policy issued by Liberty to Jasper & Sons. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo the district court's grant of summary judgment. *See Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir.2000).

■ Pardee argues that the complaint filed by Summit Ridge homeowners, and the defects list, provided facts sufficient to trigger Liberty's duty to defend. We agree. Under California law, an insurer has a duty to defend its insured against all claims that potentially seek damages covered under the policy, even if no liability ultimately results from those claims. *See Montrose Chem. Corp. of Cal. v. Superior Court*, 6 Cal.4th 287, 295, 24 Cal.Rptr.2d 467, 861 P.2d 1153 (1993), *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal.4th 1076, 1081, 17 Cal.Rptr.2d 210, 846 P.2d 792 (1993). The duty to defend is measured at the outset of the litigation by comparing the allegations of the complaint with the terms of the policy. *See Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 276, 54 Cal.Rptr. 104, 419 P.2d 168 (1966).

The complaint and the defects list indicated that improper drainage systems caused the ponding of water around structures and on walkways. Jasper constructed perimeter walls that potentially could have caused this ponding of water. Indeed, one of Liberty's claims adjusters initially determined that the company owed Pardee a duty to defend, a determination he later withdrew.

■ It appears that a subsequent investigation undertaken by Liberty demonstrated that there was no potential for coverage under the Jasper policy. But that simply extinguished any further duty to defend, prospectively but not retroactively. *See Buss v. Superior Court*, 16 Cal.4th 35, 46, 65 Cal.Rptr.2d 366, 939 P.2d 766 (1997). The facts known to Liberty as alleged in the complaint and set forth in the defects list created a potential for coverage as of that time. Accordingly, the district court's summary judgment is REVERSED and this case is REMANDED for further proceedings to determine the point at which the duty to defend was extinguished and the amount of damages accruing as a result of the failure to provide a defense up until that time. *See Montrose*, 6 Cal.4th at 299–300, 24 Cal. Rptr.2d 467, 861 P.2d 1153; *cf. Barratt American, Inc. v. Transcontinental Insurance Co.*, 102 Cal.App.4th 848, 857, 125 Cal.Rptr.2d 852 (when an insurer breaches a duty to defend, the insured is entitled to recover "the reasonable costs of defending the underlying action").

**REVERSED and REMANDED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.